UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRIAN LOHSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-6784** |
| **NATIONWIDE MUTUAL INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the motion[1] of Defendant Nationwide Mutual Insurance Company to dismiss Plaintiff Brian Lohse's petition for damages for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56.

The relevant facts are straightforward and few. Lohse sued Nationwide in Louisiana state court for breaching an insurance contract and for violating statutory duties to adjust Lohse's Hurricane Ida insurance claim in good faith under Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[2] Lohse alleged in his petition that Nationwide issued him insurance policy no. DFS3921190 (the "Policy") covering his property located at 1013 6th Street in New Orleans.[3] Generally, Lohse alleged that Nationwide failed to timely and adequately pay him the insurance proceeds due under the Policy for damage that his property suffered during Hurricane Ida.[4]

---

[1] ECF No. 9.
[2] *See* ECF No. 2-1 at 5–13 (Lohse's petition).
[3] *Id.* at 5 ¶ 3.
[4] *Id.* at 8–9 ¶¶ 22–34.

Nationwide removed the case to this Court based on diversity jurisdiction.[5] *See* 28 U.S.C. § 1332(a)(1). Nationwide then moved to dismiss for failure to state a claim, or, alternatively, for summary judgment on the ground that Lohse sued the wrong insurance company.[6] In that motion, Nationwide contends the Court should dismiss Lohse's claims with prejudice because it did not issue the Policy to Lohse; Scottsdale Insurance Company did.[7] The motion was noticed for submission on January 24, 2024;[8] Lohse's response was thus due on January 16. *See* LOCAL CIVIL RULE 7.5.

Lohse did not respond. Instead, Lohse moved on January 19—three days after his response was due—for leave to file an amended complaint "in order to name the proper insurer Defendant as a party."[9] Without explanation, Lohse's amended complaint added Scottsdale Insurance Company (the "right" insurer, per the Policy) as a Defendant but kept Nationwide (the "wrong" insurer, per the Policy) as a Defendant.[10] Nationwide consented to the motion,[11] and the Court granted it.[12]

---

[5] ECF No. 2.
[6] ECF No. 9.
[7] *Id.* at 1; *see also* ECF No. 9-1 at 1.
[8] Nationwide selected a January 31 submission date when Nationwide filed the motion on January 10. ECF No. 9-4 at 1. On January 11, however, the Clerk's Office modified the submission date on the motion to January 24 to conform to the next available Section "O" submission date. Docket Text, Lohse v. Nationwide Mut. Ins. Co., No. 2:23-CV-6784 (E.D. La. Jan. 11, 2024), ECF No. 9.
[9] ECF No. 11.
[10] ECF No. 14 at ¶ 2.
[11] ECF No. 11 at 1.
[12] ECF No. 13.

In the same order, however, the Court directed that Lohse show cause in writing why his claims against Nationwide should not be dismissed with prejudice because Nationwide did not issue the Policy.[13] The Court's show-cause order noted that Lohse had failed to timely respond to Nationwide's motion and that, "although [Lohse] represent[ed] in his motion for leave that an amendment was needed to 'name the proper insurer Defendant,' *i.e.*, Scottsdale Insurance Company, [Lohse's] amended complaint continue[d] to name Nationwide . . . as a Defendant."[14]

Lohse timely responded.[15] He admits that "he is not positive whether Nationwide or Scottsdale is his actual insurance company."[16] But he says that he "is hesitant to dismiss Nationwide with prejudice and risk prescription" because (1) the claims-reporting information on the Policy includes Nationwide's logo and states that "the insurance policy has been placed with a Nationwide insurance company"; (2) if one calls the claims-reporting telephone number listed on the Policy, an automated greeting says "thanks for calling Nationwide"; (3) the claim-acknowledgement letter he received is on Nationwide letterhead; (4) the insurance adjuster's estimate "states that the estimate was being made on behalf of Company: Nationwide/Scottsdale," and the adjuster had a nationwide.com email address; and (5) he received "a small payment via check under the Policy" that features Nationwide's logo.[17]

---

[13] *Id.* at 1.
[14] *Id.* (quoting ECF No. 11 at 1).
[15] ECF No. 15.
[16] *Id.* at 1.
[17] *Id.* at 1–2 (internal quotation marks omitted).

3

Citing no supporting authority, Lohse asks that, if the Court grants Nationwide's motion, the Court dismiss his claims *without* prejudice.[18] The Court declines. As explained below, Nationwide has shown that there is no genuine dispute that Scottsdale—not Nationwide—issued the Policy. And so, Nationwide is entitled to judgment as a matter of law dismissing Lohse's claims with prejudice.

Nationwide moves to dismiss under Rule 12(b)(6) and seeks summary judgment in the alternative.[19] Because both parties cite material beyond Lohse's state-court petition and Lohse's operative first amended complaint, the Court analyzes Nationwide's motion under the summary-judgment framework.[20] The conversion requirement of Rule 12(d) and the notice requirements of Rule 12(d) and Rule 56(f) do not apply because Nationwide explicitly seeks summary judgment as an alternative to Rule 12(b)(6) dismissal, and Lohse has had both "proper notice that the [C]ourt might rule on summary judgment grounds" and an opportunity to refute the arguments raised in Nationwide's motion. *Moore v. Burlington N. Santa Fe Ry. Co.*, No. 21-20103, 2022 WL 16860550, at *2 (5th Cir. Nov. 11, 2022) (per curiam).

---

[18] *Id.* at 5. The only authority Lohse cites concerns relation back of his amended complaint—specifically, whether his January 23, 2024 amended complaint relates back to August 29, 2023, the date of his original petition, for purposes of prescription *See id.* at 3–4; *see also* FED. R. CIV. P. 15(c). The question whether Lohse's amended complaint relates back to the date he filed his original petition is not now before the Court because Nationwide's motion does not seek to dismiss any of Lohse's claims as prescribed. This Order and Reasons therefore expresses no opinion on the relation-back question.
[19] ECF No. 9.
[20] *See, e.g.*, ECF No. 9-1 at 3 (citing certified Scottsdale insurance policy and Ohio Secretary of State records); ECF No. 15 at 2 (citing assorted materials outside the pleadings).

4

Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "[W]here the nonmovant bears the burden of proof at trial," as Lohse does on his breach-of-contract and bad-faith claims here, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994) (citations omitted).

Nationwide is entitled to summary judgment. Lohse's breach-of-contract claim "requires . . . a contractual relationship" with Nationwide. *Regions Ins., Inc. v. All. CAB Serv., LLC*, 2019-0714, p. 5 (La. App. 4 Cir. 3/4/20); 293 So. 3d 1218, 1222 (internal citation and quotation marks omitted). And Lohse's bad-faith claims require a contract of insurance with Nationwide, *see* LA. STAT. ANN. § 22:1892(A)(1) (imposing duties on "insurers issuing any type of contract" under which "any claim [is] due any insured"), or an insurer–insured relationship with Nationwide, *see* LA. STAT. ANN. § 22:1973(A) (delineating duties "[a]n insurer . . . owes to his insured").

Nationwide "point[s] to an absence of evidence" establishing a contractual or insurer–insured relationship between it and Lohse with respect to insurance coverage for the damage Lohse's property allegedly suffered during Hurricane Ida.[21] *Lindsey*, 16 F.3d at 618 (citations omitted). Indeed, Nationwide points to the Policy, which confirms that the relevant contractual/insurer–insured relationship is between Lohse and Scottsdale—not Lohse and Nationwide.[22] And in its uncontroverted[23] statement of uncontested material facts, Nationwide explains that it "never issued any policy of insurance to [Lohse]," and that Scottsdale—the issuer of Lohse's Policy—is "an affiliated, but entirely separate entity."[24] The burden thus shifts to Lohse to "demonstrat[e] by competent summary judgment proof that there is an issue of material fact warranting trial." *Lindsey*, 16 F.3d at 618 (internal citations omitted).

Lohse fails to carry that burden. He fails to point to competent summary-judgment evidence from which a reasonable jury could find a contractual or insurer–insured relationship between him and Nationwide with respect to coverage under the Policy for damage his property allegedly suffered during Hurricane Ida.[25] Rather than presenting proof of such a contractual or insurer–insured relationship with

---

[21] ECF No. 9-1 at 1–4.
[22] *See, e.g.*, ECF No. 9-3 at 9 (declarations page identifying Scottsdale as the insurer, Lohse as the named insured, and 1013 6th Street, New Orleans, Louisiana 70115 as the insured premises).
[23] "All material facts in the moving party's statement [of uncontested material facts] will be deemed admitted, for purposes of the motion [for summary judgment], unless controverted in the opponent's statement." LOCAL CIVIL RULE 56.2. Here, Lohse failed to file a statement controverting the facts listed in Nationwide's statement of uncontested material facts. That means the facts listed in Nationwide's statement are "deemed admitted[ ] for purposes of" Nationwide's motion. *Id.*; *see also, e.g.*, *Doe v. Loyola Univ.*, No. 18-CV-6880, 2020 WL 1030844, at *7 (E.D. La. Mar. 3, 2020) (explaining that "[b]ecause the plaintiff failed to controvert" facts listed in the defendant's statement of undisputed material facts, "Local Rule 56.2 requires that they be deemed admitted").
[24] ECF No. 9-2 at 2 ¶ 5.
[25] ECF No. 15 at 1–5.

Nationwide, Lohse admits that "he is not positive whether Nationwide or Scottsdale is his actual insurance company."[26] Lohse's speculation is inadequate to avoid summary judgment. *See Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) ("A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'" (quoting *Likens v. Hartford Life & Accident Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012)).[27]

In sum, Lohse fails to present competent summary-judgment evidence from which a reasonable jury could find that Nationwide—rather than Scottsdale—issued the Policy. So, there is no genuine dispute as to the absence of a contractual or insurer–insured relationship between Nationwide and Lohse with respect to the Policy. And because there is no relevant contractual or insurer–insured relationship between Nationwide and Lohse, Nationwide is entitled to judgment as a matter of law dismissing Lohse's breach-of-contract and bad-faith claims with prejudice.

---

[26] *Id.* at 1.

[27] None of the "policy information" that led Lohse to misperceive that Nationwide—rather than Scottsdale—was his insurer creates a genuine dispute of material fact. The mere fact that Lohse received documents bearing Nationwide's logo does not create a genuine dispute as to whether Nationwide issued the Policy because the Policy itself leaves no doubt that Scottsdale alone is the insurer. ECF No. 9-3 at 9. And Scottsdale, for its part, admits in its answer that it issued the Policy. *See* ECF No. 16 at ¶ 3. It is also unsurprising that Lohse received documents bearing Nationwide's logo given that it is undisputed that Scottsdale is "affiliated" with Nationwide, but remains "a separate and distinct entity." ECF No. 9-2 at ¶¶ 5, 10. For essentially the same reasons, Lohse fails to create a genuine dispute as to Nationwide's status as his insurer under the Policy based on (1) his receipt of a claims-reporting document that includes a telephone number that, if called, yields an automated greeting referencing Nationwide; (2) an insurance adjuster's use of a nationwide.com email address; and (3) an estimate's inclusion of the statement that "the estimate was being made on behalf of Company: Nationwide/Scottsdale." ECF No. 15 at 1–2 (internal quotation marks omitted).

Accordingly,

**IT IS ORDERED** that Nationwide's motion[28] to dismiss, or, in the alternative, for summary judgment is **GRANTED**. Lohse's claims against Nationwide are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 25th day of July, 2024.

                                            BRANDON S. LONG
                                            UNITED STATES DISTRICT JUDGE

---

[28] ECF No. 9.